1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (St. Bar #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4
   Attorneys for Plaintiffs
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12 BOARD OF TRUSTEES OF THE BAY AREA ) ROOFERS, et al. ) | NO.  C 08 2140 MHP |
| 13                                   ) | STIPULATION TO SET ASIDE |
|                                      ) | DEFAULT; JOINT CASE |
| 14              Plaintiffs,          ) | MANAGEMENT STATEMENT AND |
|                                      ) | PROPOSED ORDER |
| 15         vs.                       ) | |
|                                      ) | |
| 16 DOUGLAS J. PETERSEN, individually ) | CASE MANAGEMENT CONFERENCE |
| and doing business as THIESSEN       ) | DATE: 9/8/08 |
| 17 CONSTRUCTION COMPANY and CALIFORNIA) | TIME 4:00 p.m. |
| ROOFING SERVICES                     ) | |
| 18                                   ) | |
|              Defendants.            ) | |
| 19 _____) | |

20          The parties to the above-entitled action jointly submit this

21  Case Management Statement and Proposed Order and request the Court to

22  adopt it as its Case Management Order in this case.

23          1.   JURISDICTION AND SERVICE:  Subject matter jurisdiction

24  exists pursuant to Section 4301(c) of ERISA and 301(a) of LMRA.  All

25  known parties appropriate to this case have been served.  Defendants'

26  default was entered June 25, 2008.  The parties stipulate to set aside

27  the default; a responsive pleading will be filed within 30 days of

28  the hearing if the parties fail to settle.

STIPULATION TO SET ASIDE DEFAULT; JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1

2.   FACTS:

Defendant Douglas J. Petersen allegedly failed to pay the fringe benefit contributions due for March 2005 under a collective bargaining agreement with Bay Area Roofers Local Union No. 81.

The principal factual issues which the parties dispute:

a.   Whether defendant is liable for fringe benefit contributions due for March 2005.

b.   Whether the amount of contributions is correctly computed.

c.   Whether liquidated damages are due for the late payment.

3.   LEGAL ISSUES:

The principal legal issues which the parties dispute:

a.   Whether a additional contribution liability can be imposed on the defendant in this case.

b.   Whether liquidated damages and interest obligations are collectible under the ERISA case authorities.

4.   MOTIONS:

None are pending or contemplated at this time.

5.   AMENDMENTS TO PLEADINGS:

None are contemplated at this time

6.   EVIDENCE PRESERVATION:

Both Sides will take steps to preserve evidence.

7.   DISCLOSURES:

The parties have exchanged some documents; full disclosures will take place after the answer is filed.

8.   DISCOVERY:

There has been no formal discovery to date.   No

limitations appear necessary.    Discovery may not be necessary.
Plaintiff intends to file a summary judgment motion.

9.    <u>CLASS ACTION:</u>

NOT APPLICABLE

10.    <u>RELATED CASES</u>

NOT APPLICABLE

11.    <u>RELIEF</u>

Plaintiffs seek: Contributions        $ 5,886.41

Liquidated damages        $ 1,177.28

Interest to date        $ 1,962.13

Attorney Fees      To Be Determined

12.    <u>SETTLEMENT AND ADR</u>

Mediation is an ADR process acceptable to both parties.

13.    <u>CONSENT GRANTED TO MAGISTRATE JUDGE FOR ALL PURPOSES:</u>

14.    OTHER REFERENCES:

NOT APPLICABLE

15.    NARROWING OF ISSUES:

Plaintiffs intend to file a Motion for Summary
Judgment, if mediation is not successful.

16.    EXPEDITED SCHEDULE:

NOT APPLICABLE

17.    SCHEDULING:

The parties request that scheduling await the results
of mediation.

18.    TRIAL:

This would be a Court Trial and take one day.

19.    DISCLOSURE OF NON- PARTY INTERESTED PERSONS:

Plaintiffs have none to disclose.

DATED: September 3, 2008

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: _____
    Michael J. Carroll
    Attorneys for Plaintiff

DATED: September 3, 2008

ARCHER NORRIS

By: _____
    Probal G. Young
    Attorneys for Defendants

STIPULATION TO SET ASIDE DEFAULT; JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

4

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:  [The Court may wish to make additional orders, such as:

a.    Referral of the parties to court or private ADR process;
b.    Schedule a further Case Management Conference;
c.    Schedule the time and content of supplemental disclosures;
d.    Specially set motions;
e.    Impose limitations on disclosure or discovery;
f.    Set time for disclosure of identity, background and opinions of experts;
g.    Set deadlines for completing fact and expert discovery;
h.    Set time for parties to meet and confer regarding pretrial submissions;
i.    Set deadline for hearing motions directed to the merits of the case;
j.    Set deadline for submission of pretrial material;
k.    Set date and time for pretrial conference;
l.    Set a date and time for trial.]

DATED:_____

_____
MAGISTRATE JUDGE MARILYN H. PATEL

STIPULATION TO SET ASIDE DEFAULT; JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER